# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH I. EDMONTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THERESA MORRISEY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01712-OWW-SMS PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |

　　　　Plaintiff Kenneth I. Edmonton is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 10, 2008, and on January 13, 2009, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a). On February 18, 2009, the Magistrate Judge issued a screening order finding that Plaintiff's amended complaint stated cognizable claims for relief under section 1983 for violation of the First Amendment and the Due Process Clause of the Fourteenth Amendment. The Magistrate Judge found that service was appropriate, and ordered Plaintiff to fill out and return the court-issued service documents within thirty days. On February 25, 2009, the order was returned by the United States Postal Service as undeliverable.

　　　　Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a

    current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Plaintiff's mail was returned, and he has not notified the court of a current address.

  "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

  In this instance, Local Rule 83-183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff and notice of Plaintiff's death provided in another pending case, dismissal is warranted and there are no other reasonable alternatives available.[1]  See Carey, 856 F.2d at 1441.

  Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

**Dated:    June 2, 2009**          /s/ Oliver W. Wanger
                      UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of the fact that Plaintiff's death has been suggested on the record in case number 1:08-cv-00650-AWI-GSA PC Edmonton v. Bentivegna, et al.